**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA EX REL
PAMELA A. BERGE,
<u>Plaintiff-Appellant,</u>

v.

THE REGENTS OF THE UNIVERSITY OF
ALABAMA AT BIRMINGHAM; ROBERT F.
PASS, Professor of Pediatrics; SERGIO
B. STAGNO, Professor and Chairman,          No. 99-1270
Department of Pediatrics; CHARLES
A. ALFORD, Professor of Pediatrics;
KAREN B. FOWLER,
<u>Defendants,</u>

and

UNITED STATES OF AMERICA,
<u>Creditor-Appellee.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge;
Edward S. Northrop, Senior District Judge.
(CA-93-158-N)

Argued: December 1, 1999

Decided: February 2, 2000

Before MURNAGHAN and WILKINS, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Alexander T. Bok, DANGEL & FINE, L.L.P., Boston, Massachusetts, for Appellant. Kaye A. Allison, Assistant United States Attorney, Baltimore, Maryland, for Appellee. **ON BRIEF:** Lynne A. Battaglia, United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Pamela Berge brought a qui tam action pursuant to section 3730(b) of the False Claims Act (the FCA), 31 U.S.C.A. §§ 3729-3733 (West 1983 & Supp. 1999). Her claim was ultimately unsuccessful. See United States ex rel. Berge v. Board of Trustees, 104 F.3d 1453 (4th Cir. 1997). At the request of the prevailing defendants, the district court awarded costs pursuant to Federal Rule of Civil Procedure 54(d)(1). In response to a motion by the United States, the court entered a clarifying order specifying that the costs should be taxed to Berge. The court subsequently denied Berge's motion for reconsideration. Berge appeals the latter two orders. Because we conclude that the United States has not waived its sovereign immunity and thus cannot be held liable for costs, we affirm.

I.

Section 3729 of Title 31 of the United States Code imposes a civil penalty against anyone who knowingly makes a false claim against the United States Government. See 31 U.S.C.A. § 3729. The FCA provides that a private person (known as the qui tam relator) may bring a civil action for a violation of § 3729 on behalf of both the relator and the United States. See id. § 3730(b)(1). A complaint

2

brought by a relator pursuant to § 3730(b) must be served on the United States and the complaint must remain sealed for at least 60 days, during which time the United States "may elect to intervene and proceed with the action." Id. § 3730(b)(2). The statute further provides that

> [b]efore the expiration of the 60-day period or any extensions obtained under paragraph (3), the Government shall--
>
> (A) proceed with the action, in which case the action shall be conducted by the Government; or
>
> (B) notify the court that it declines to take over the action, in which case the person bringing the action shall have the right to conduct the action.

Id. § 3730(b)(4). After the United States makes its election, the defendant is served and the action proceeds. Even if the United States declines to intervene initially, the court may permit it to do so at a later time during the course of the action. See id. § 3730(c)(3) ("When a person proceeds with the action, the court ... may nevertheless permit the Government to intervene at a later date upon a showing of good cause."). If an action initiated by a qui tam relator is successful, the relator and the United States share the award; the proportion to which a relator is entitled differs depending on whether the United States elected to proceed with the action. See id. § 3730(d).

Berge filed her action in 1993 as qui tam relator for the United States against the Regents of the University of Alabama at Birmingham and various individual defendants (collectively,"Defendants") alleging that Defendants had made false statements to the National Institutes of Health in violation of 31 U.S.C.A.§ 3729. The United States declined to intervene, and Berge proceeded with the action. Berge obtained a jury verdict in her favor. Defendants moved for judgment as a matter of law and a new trial, and the district court denied these motions.

Defendants presented several arguments on appeal, including a challenge to the constitutionality of the qui tam provisions of the

3

FCA. The United States intervened in the appeal pursuant to 28 U.S.C.A. § 2403(a) (West 1994) in order to defend the constitutionality of the statute. Avoiding the constitutional issues, we reversed the judgment of the district court on the merits of the case. See Berge, 104 F.3d at 1457.

Following the reversal of the judgment, Defendants petitioned for an award of costs pursuant to Rule 54(d)(1). After the district court awarded costs, the United States filed a motion requesting the court to clarify that the costs should be taxed to Berge. The district court entered a clarifying order and then denied Berge's motion for reconsideration; Berge appeals these orders.

II.

Rule 54(d)(1) provides in pertinent part that

> [e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law.

Fed. R. Civ. P. 54(d)(1). Berge does not argue that the district court erred in awarding costs pursuant to Rule 54(d)(1); accordingly, the issue before us is who, as between Berge and the United States, should pay those costs.

It is well settled that sovereign immunity prohibits an award of costs against the United States unless immunity is specifically waived by act of Congress. See United States v. Chemical Found., Inc., 272 U.S. 1, 20-21 (1926). Such a waiver "must be unequivocally expressed in the statutory text." United States v. Idaho ex rel. Director, Idaho Dep't of Water Resources, 508 U.S. 1, 6 (1993) (internal quotation marks omitted); see United States v. Nordic Village, Inc., 503 U.S. 30, 37 (1992) (stating that when there are plausible readings of a statutory provision that would not give rise to an imposition of monetary liability on the Government, there has not been the requisite

4

"unequivocal expression of elimination of sovereign immunity" (internal quotation marks omitted)). Moreover, a waiver of immunity "must be construed strictly in favor of the sovereign." Ruckelshaus v. Sierra Club, 463 U.S. 680, 685 (1983) (internal quotation marks omitted).

Rule 54(d)(1) codifies the principle of sovereign immunity, providing that costs may be taxed against the United States "only to the extent permitted by law." Fed. R. Civ. P. 54(d)(1). Thus, we must determine whether the United States has waived its sovereign immunity. This is a question of law subject to de novo review. See Research Triangle Inst. v. Board of Governors, 132 F.3d 985, 987 (4th Cir. 1997).

Berge argues that the FCA reflects a balancing by Congress of financial burdens between the relator and the United States, and that it was the intent of Congress that the United States should pay the defendant's costs in an unsuccessful action. We cannot consider this argument in light of the above rules regarding waiver. If Congress has not made a clear statutory statement to effectuate a waiver of immunity, either in the FCA or elsewhere, then the costs of this litigation may not be imposed against the United States.

The FCA itself does not contain an unequivocal waiver of sovereign immunity for an award of costs in a situation such as that before us. Only two subsections address the situation where the defendant prevails. The first, § 3730(d)(4), is clearly not applicable here. See 31 U.S.C.A. § 3730(d)(4) (providing for an award of fees to the defendant when the qui tam relator has brought an action that was "clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment"). The second, § 3730(g), which is captioned "Fees and expenses to prevailing defendant," provides that"[i]n civil actions brought under this section by the United States, the provisions of section 2412(d) of title 28 shall apply." Id. § 3730(g) (emphasis added).

The United States did not bring this action. The United States declined to "intervene and proceed with the action" pursuant to 31 U.S.C.A. § 3730(b)(2). Neither did the United States later intervene pursuant to § 3730(c)(3). The United States intervened in the earlier appeal pursuant to 28 U.S.C.A. § 2403(a) solely for the purpose of

5

defending the constitutionality of the qui tam provisions of the FCA. Significantly, the United States did not intervene for the purpose of arguing the merits of the claim.**1** Consequently, it cannot be understood to have "brought" the action in any sense of that term,**2** especially in view of the requirement that a statutory waiver of immunity be strictly construed. See Sierra Club, 463 U.S. at 685. Therefore, § 3730(g) does not apply to this case and cannot authorize an award of costs against the United States.**3**

Looking outside the FCA, we note that Congress provided for a waiver of sovereign immunity in 28 U.S.C.A. § 2412(a)(1) (West 1994). As part of the Equal Access to Justice Act, Congress reversed the longstanding presumption that costs could not be awarded against the United States:

> Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States ... in any court having jurisdiction of such action.

28 U.S.C.A. § 2412(a)(1) (emphasis added). See generally 10 Charles Alan Wright et al., Federal Practice and Procedure § 2672 (3d ed. 1998) (discussing law permitting litigation costs to be awarded to or against the United States). Thus, the United States has waived its

_____

**1** The only other participation in this case by the United States, prior to this appeal, was its submission of a brief in its role as judgment-creditor, in which it opposed Defendants' motion for a stay of proceedings to enforce judgment pending appeal and for a waiver of security.

**2** Because the United States never intervened in the action pursuant to the FCA, we need not consider whether such an intervention could constitute "bringing" the action for the purpose of waiving sovereign immunity.

**3** Because § 3730(g) does not apply here, we need not resolve the debate between the parties regarding whether "fees and expenses" include "costs." See United States ex rel. Lindenthal v. General Dynamics Corp., 61 F.3d 1402, 1412-14 (9th Cir. 1995) (reasoning that under the FCA "costs" are distinct from "fees and expenses").

immunity in any action "brought by" it. But as we explained above, "bringing" an action requires more on the part of the United States than occurred here.

In summary, the FCA contains no provision that could be construed as authorizing an award of costs against the United States in this case. The United States waives its sovereign immunity to allow the taxation against it of costs to a prevailing party only in actions which are "brought" by the United States. When a relator brings a qui tam action and the United States declines to intervene in that action pursuant to the FCA, the United States has not "brought" that action. Therefore, we hold that the United States has not waived its sovereign immunity here, and the costs must be assessed against Berge.

III.

For the reasons set forth above, we conclude that the district court correctly taxed costs against Berge in this FCA action. Accordingly, we affirm.

AFFIRMED